GERTRUDE E. KANE, EXECUTRIX OF THE ESTATE OF JOHN W. KANE, DECEASED, PLAINTIFF-APPELLANT, v. THE CITY OF NEWARK, A MUNICIPAL CORPORATION, DEFENDANT-RESPONDENT.

Submitted October 30, 1942—Decided February 8, 1943.

For the plaintiff-appellant, *Charles S. Smith.*

For the defendant-respondent, *Raymond Schroeder* (*Thomas M. Kane,* of counsel).

The opinion of the court was delivered by

HAGUE, J. This is an appeal by the plaintiff from a judgment recovered in the Essex County Circuit Court by defendant, the City of Newark. The case was submitted to the court below without a jury.

Suit is brought by Gertrude Kane, the executrix of the estate of her late husband, John Kane, for the value of services rendered the city by her decedent for a period of nine years as traffic engineer. Mr. Kane, from 1917 until he died in 1939, had been an officer in the Newark fire department, to wit, superintendent of fire alarm telegraph of the Newark fire department. On May 7th, 1930, the Board of Commissioners of Newark passed an ordinance "creating the position of Traffic Engineer under the supervision and direction of the Board of Commissioners of the City of Newark." The ordinance provided that said traffic engineer "shall be appointed by resolution of the Board of Commissioners, as a non-departmental officer  *  *. *," and that the "term of appointment, compensation and duties of such officer" should be fixed by resolution of the board.

No appointment was made by the board. None of the other matters, such as term, compensation, &c., was effectuated by resolution of the board. Instead the Director of Public Safety in October, 1930, five months after the ordinance was passed, orally appointed Kane as traffic engineer. That the duties of "traffic engineer" were performed by the deceased, in addition to his services as superintendent of fire alarm telegraph is not disputed. He continued to perform such duties down to the time he died.

The demand of the executrix is for the reasonable value of said services—the claim being for $4,000 per annum—and the theory of the first count of the complaint is that the deceased was such traffic engineer *de jure* and in the second count that he was such officer *de facto*.

That he was not an officer *de jure* is obvious. He was not appointed by the Board of Commissioners as the ordinance, under which the office was created, provides. He performed the work at the direction of the Police Commissioner, who had no authority by the terms of the ordinance to make the

appointment. The office was especially described in the ordinance as "non-departmental" which meant that the entire City Commission had exclusive jurisdiction to name the incumbent.

It is not necessary to decide whether or not the decedent had been an officer *de facto*. One exhibit in the case showed that he signed the payroll of the "Fire Division" of the Department of Public Safety in which he was superintendent at a salary of $5,000 per annum, regularly during the entire time for which claim is now made. By signing this payroll for his salary as superintendent he certified that he had received compensation "in full payment for services rendered by me [him] and for the entire time specified in this payroll." This amounted to a waiver under the doctrine laid down by this court in *VanderBurgh* v. *County of Bergen,* 120 *N. J. L.* 444.

Other arguments are advanced by the appellant but they depend directly or otherwise on the points we have discussed and decided. There is no occasion to set them forth.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 15.

*For reversal*—None.